IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL P. BLALOCK, JR., | No. 2:21-CV-0962-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As with the original complaint, Plaintiff names the following as defendants: (1) Patrick Covello, Warden at Mule Creek State Prison (MCSP); and (2) Sierra Roberts, Registered Nurse at MCSP. See ECF No. 14, pgs. 1, 2. Plaintiff alleges two claims for relief. See id. at 3-4.

In Claim I, Plaintiff alleges retaliation. See id. at 3. According to Plaintiff, Defendants Covello and Roberts participated in a meeting in July 2020 of the Inmate Advisory Council (IAC). See id. Plaintiff claims a policy emerged from the IAC meeting and was disseminated among the inmate population. See id. Plaintiff states that, under this policy, inmates could refuse a Covid-19 test "without retaliation." Id. Next, Plaintiff asserts that, after taking 15 such tests, all which were negative, Plaintiff refused further Covid-19 testing. See id. Plaintiff states that, after refusing further testing, his cell door, which had not previously been locked, was locked and a sign was placed on Plaintiff's cell door indicating that Plaintiff was being denied privileges. See id. Plaintiff does not state who placed the sign on Plaintiff's cell door. Nor does Plaintiff state what was written on the sign.[1] Plaintiff states that, after he agreed to be tested, the sign was removed and his privileges were "immediately restored." Id.

In Claim II, Plaintiff alleges deliberate indifference to his safety. See id. at 4. Plaintiff claims that "Administration" and "Custody" moved inmates from cell to cell, section to section, thereby breaking quarantines related to Covid-19. See id. Plaintiff further claims that nothing was cleaned according to CDC guidelines for Covid-19. See id. According to Plaintiff,

---

[1] Plaintiff does, however, provide a detailed description of the sign and its content in the original complaint. See ECF No. 1, pg. 11.

2

Defendant Roberts, as the infectious disease specialist in the prison, was negligent in her duties with respect to the risks to his health posed by Covid-19.  See id.

## II.  DISCUSSION

The Court finds that Plaintiff's first amended complaint plausibly states a cognizable claim for relief against Defendant Roberts in Claim II related to the conditions of confinement and the threat to Plaintiff's safety resulting from non-compliance with applicable guidelines related to Covid-19.  Plaintiff, however, has not alleged any facts to link Defendant Covello to the violation alleged in Claim II.  Plaintiff also fails to state a cognizable retaliation claim in Claim I.

### A. **Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff does not reference Defendant Covello in Claim II.  Plaintiff will be provided an opportunity to cure this defect through further amendment consistent with the standards outlined above.

/ / /

/ / /

/ / /

**B.     Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

In this case, the Court finds that Plaintiff has failed to allege facts to plead all of the essential elements for a retaliation claim.  First, Plaintiff's refusal to be tested for the Covid-19 virus while in prison was not protected conduct under the Constitution.  Second, Plaintiff's placement in what in essence was quarantine pending testing was not an adverse action.  Third, even if placement in quarantine constituted an adverse action given that Plaintiff was denied privileges until he agreed to be tested, the action served the legitimate penological purpose of preventing the spread of Covid-19 in the prison.  Further, the action was as narrowly tailored as possible to achieve the objective, and any loss of privileges was restored upon a minimally invasive testing procedure.  Finally, though Plaintiff claims that Defendants were involved in the IAC meeting, he does not allege any facts to directly connect them to the decision to place Plaintiff in quarantine, which is the basis of Plaintiff's claim.

The Court finds that the defects in Plaintiff's retaliation claim cannot be cured through further amendment.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: August 25, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE