IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL P. BLALOCK, JR., | No. 2:21-CV-0962-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Patrick Covello, Warden at Mule Creek State Prison (MCSP); and (2) Sierra Roberts, Registered Nurse at MCSP.  See ECF No. 16. Plaintiff alleges two claims for relief.  See id. at 3-4.

In Claim I, Plaintiff alleges deliberate indifference to his safety. See id. at 3. Plaintiff alleges that Defendant Roberts failed to prevent the transfer of inmates between areas of the prison before, during, and after quarantines related to Covid-19 and that proper cleaning procedures were not followed to prevent the spread of disease. See id. Plaintiff claims that, due to an unspecified pre-existing medical condition, Defendant Roberts' actions led to an unjustified risk of disease and possible death. See id. Plaintiff further alleges that he was required to clean his clothing and linens at his own expense to prevent the spread of disease. See id. Finally, Plaintiff alleges that, due to the quarantine procedures, he was unable to work and therefore lost wages he otherwise would have earned. See id.

In Claim II, Plaintiff alleges retaliation. See id. at 4. Plaintiff claims he was told that he could refuse testing without retaliation. See id. When Plaintiff refused to continue testing after taking 15 tests, a sign was placed on his cell door, and he was stripped of his privileges to access the yard, canteen and phone. See id. Once he agreed to test, his privileges were restored. See id. Plaintiff alleges that, acting according to a plan set out by Defendant Covello, he was denied his privileges as retaliation for his refusal to test for Covid-19. See id. Plaintiff further alleges that he was threatened by other inmates in his cell. See id. Plaintiff does not offer any further facts to support this latter part of the claim.

## II. DISCUSSION

The Court finds that Plaintiff's second amended complaint plausibly states a cognizable claim for relief against Defendant Roberts in Claim I related to the conditions of confinement and the threat to Plaintiff's safety resulting from non-compliance with applicable guidelines related to Covid-19.  Plaintiff, however, has not alleged facts sufficient to state a cognizable retaliation claim against Defendant Covello in Claim II.  The Court herein recommends dismissal of Defendant Covello and Plaintiff's retaliation claim.  By separate order, the Court will direct service on Defendant Roberts as to Plaintiff's deliberate indifference claim in Claim I.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

In this case, and as with the first amended complaint, the Court continues to find that Plaintiff has failed to allege facts to plead all of the essential elements for a retaliation claim.  First, Plaintiff's refusal to be tested for the Covid-19 virus while in prison was not protected conduct under the Constitution.  Second, Plaintiff's placement in what in essence was quarantine pending testing was not an adverse action.  Third, even if placement in quarantine constituted an

adverse action given that Plaintiff was denied privileges until he agreed to be tested, the action served the legitimate penological purpose of preventing the spread of Covid-19 in the prison. Further, the action was as narrowly tailored as possible to achieve the objective, and any loss of privileges was restored upon a minimally invasive testing procedure.  Finally, though Plaintiff claims that Defendants were involved in the IAC meeting, he does not allege any facts to directly connect them to the decision to place Plaintiff in quarantine, which is the basis of Plaintiff's claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is hereby ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

2. It is hereby RECOMMENDED that this action proceed on Plaintiff's second amended complaint as to his deliberate indifference claim against Defendant Roberts only.

3. It is hereby further RECOMMENDED that Plaintiff's retaliation claim against Defendant Covello be dismissed for failure to state a claim and that Covello be terminated as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE